Case 1:17-cr-00222-JMS-TAB   Document 1582   Filed 10/04/24   Page 1 of 10 PageID #: <pageID>

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>LANCE L. HATCHER, JR.<br><br>Date of Original Judgment: 01/09/2020<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:17-cr-00222-JMS-TAB-03<br>USM No: 16016-028<br><br>Jacob Leon<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED. ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  300  months **is reduced to**  292 months  .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  01/09/2020  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  10/04/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17-cr-00222-JMS-TAB |
| ) | |
| ) | |
| LANCE HATCHER (03), ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO REDUCE SENTENCE**

Defendant Lance Hatcher (03) has filed an Amendment 821 Motion to Reduce Sentence. [Dkt. 1563.] The motion is now ripe for the Court's review.

**I.**
**BACKGROUND**

In 2018, Mr. Hatcher was charged with conspiracy to distribute controlled substances. [Dkt. 280.] On April 11, 2019, Mr. Hatcher pled guilty, without a plea agreement, to conspiracy to distribute controlled substances. [Dkt. 621.] At sentencing, the Court calculated Mr. Hatcher's offense level at 37, with 10 criminal history points – eight points from his past criminal history, plus two points because he committed the offense underlying this case while on probation. [*See* Dkt. 841 at 12.] His offense level placed him in criminal history category V, with a guideline range of 324 to 405 months. [Dkt. 1181 at 1.] The Court sentenced Mr. Hatcher to a below-guidelines term of 300 months' imprisonment, and ten years of supervised release. [Dkt. 1180.] Mr. Hatcher now argues in his Motion to Reduce Sentence that he is eligible for a sentence reduction and the Government agrees, but the parties dispute whether such a reduction is warranted in Mr. Hatcher's case.

1

II.
DISCUSSION

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range that, after the defendant's sentencing, was lowered by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court determines whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

A. **Step One Analysis**

At step one, the Court agrees with Mr. Hatcher and the Government that Mr. Hatcher is eligible for a sentence reduction. Mr. Hatcher received two criminal history points because the offense was committed under a criminal justice sentence in another case, [Dkt. 841 at 12], but under Amendment 821 he would now only receive one criminal history point for that conduct. *See* U.S.S.G. § 4A.1.1(e) ("Add 1 point if the defendant (1) received 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). Accordingly, his criminal history category would be reduced from V to IV, resulting in a guideline range of 292-365 months instead of 324-405 months. *See* U.S.S.G. Ch. 5, Pt. A – Sentencing

Table.  However, because the bottom of his new sentencing range is 292 months, Mr. Hatcher is only eligible for an 8-month reduction in his sentence (from 300 months to 292 months).  U.S.S.G. § 1B1.10(b)(2)(A) (sentence may not be reduced "to a term that is less than the minimum of the amended guideline range").

### B.  Step Two Analysis

As to the step two analysis, the Court considers the § 3553(a) factors to determine whether Mr. Hatcher is entitled to the sentence reduction.

In support of his Motion, Mr. Hatcher argues that he "has had a perfect disciplinary history since this Court sentenced him in 2020," and that he has "completed programs involving drug abuse, critical thinking, business skills, legal research, health, psychology, anger management, and other topics important to rehabilitation." [Dkt. 1563 at 9.]  He notes that the Bureau of Prisons ("BOP") considers him to be a "low" risk to recidivate after he leaves prison.  [Dkt. 1563 at 9.]  Mr. Hatcher asserts that the nature and circumstances of the offense have not changed since his sentencing, and that he accepts responsibility for committing the offense, regrets committing the offense, and "does not intend to minimize its seriousness in any manner." [Dkt. 1563 at 10.]  He argues further that a 292-month sentence would still reflect the seriousness of the offense, promote respect for the law, and provide just punishment, noting that from 2015 to 2023, the average sentence in drug-trafficking cases involving circumstances similar to Mr. Hatcher was 203 months, so "imposing a 292-month sentence for someone like Mr. Hatcher – who had only non-violent criminal history and is not a career offender – sends a strong message to the public." [Dkt. 1563 at 10.]  He contends that a 292-month sentence would provide adequate deterrence, noting again that the BOP considers him to be at a low risk of recidivism.  [Dkt. 1563 at 10-11.]  As to harm to the public, Mr. Hatcher argues that his release date would still be in 2038, when he is 53 years old,

and that he would still be on supervised release when he exits prison. [Dkt. 1563 at 11.] Finally, Mr. Hatcher argues that "[t]he 32-month decrease in the bottom of the Guidelines range would typically call for a proportional reduction of 30 or so months in the sentence imposed," but that he "does not even ask for that much." [Dkt. 1563 at 12.]

In its response, the Government argues that the nature and circumstances of the offense were serious, that Mr. Hatcher "was a high-level dealer in [Richard] Grundy's drug trafficking organization," and that "[h]e was found responsible for the distribution of 54,431 grams of methamphetamine and 410 grams of heroin." [Dkt. 1574 at 8-9.] It asserts that Mr. Hatcher's history and characteristics also support denying a sentence reduction, including Mr. Hatcher's prior criminal convictions and the fact that he was on probation when he committed the offense underlying this case. [Dkt. 1574 at 9.] The Government acknowledges that Mr. Hatcher "has done well in prison," but contends that his behavior is the expectation for any inmate. [Dkt. 1574 at 9.] The Government argues that the 300-month sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and provides adequate deterrence. [Dkt. 1574 at 10-11.] As for protecting the public, the Government points to a Facebook post Mr. Hatcher made shortly after his sentence was imposed, in which he stated that he could serve the imposed sentence "on a head stand," asserted that he would not change while referencing "rats," and stated that he will return "like [he] never left." [Dkt. 1574 at 12.] The post is below:



[Dkt. 1574-1.] The Government notes that the 300-month sentence is still within Mr. Hatcher's new guideline range and that it prevents a sentencing disparity with Mr. Hatcher's co-defendant, Gilberto Vizcarra-Millan, who received a 300-month sentence, whose guideline range would not change with the application of Amendment 821 because he would remain at the same offense level, and who the Court found was an "equal comparator" to Mr. Hatcher. [Dkt. 1574 at 13-14.]

Mr. Hatcher argues in his reply that three things have happened since the Court weighed the § 3553(a) factors at Mr. Hatcher's sentencing and varied downward to impose a 300-month sentence: "(1) Mr. Hatcher excelled in his rehabilitation journey; (2) the Commission's new research showed that Mr. Hatcher had an inflated Guidelines range in 2020 because of the Commission's flawed assumption regarding status points; and (3) his Guidelines range decreased by 30-40 months." [Dkt. 1581 at 1.] Mr. Hatcher reiterates his argument that he has had a perfect disciplinary record while in the BOP and argues that the Facebook post the Government focuses on is from five years ago and is not reliable in any event because it was posted while Mr. Hatcher

5

was incarcerated and on a day when he did not have electronic devices to access social media. [Dkt. 1581 at 4-5.] He argues that the Government omits the context of the post – specifically, that he thought he would receive a life sentence so was relieved he received a 300-month sentence, that the post states that he did not cooperate because "cooperators face a serious risk of death in prison," that the post does not indicate he would recidivate, that the post does not threaten anyone, and that the post did not state that he would not change. [Dkt. 1581 at 6-7.] Mr. Hatcher notes that the Government does not dispute that a 292-month sentence would send a strong message to the public or would provide adequate deterrence, that his "respect for the law is clear from his actions since the sentencing in 2020," and that the remaining § 3553(a) factors support a reduction to 292 months. [Dkt. 1581 at 8-10.]

When sentencing Mr. Hatcher, the Court considered the applicable § 3553(a) factors and imposed a 300-month sentence. [*See* Dkt. 1379 at 77-81.] As to the nature and circumstances of the offense, the Court recognized the significant quantities of methamphetamine and other drugs involved in the offense, that were introduced into the community and impacted people who are addicted to those substances along with the children of those people. [Dkt. 1379 at 77-78.] The Court also noted the significant quantity of guns involved in the offense. [Dkt. 1379 at 78.] As to Mr. Hatcher's role in the conspiracy, the Court noted that there was not evidence indicating that Mr. Hatcher had a supervisory role, but that he acted as Mr. Grundy's right hand man and did what Mr. Grundy told him to do. [Dkt. 1379 at 78.]

As to Mr. Hatcher's history and characteristics, the Court noted that he had demonstrated a disrespect for the law but that he chose to plead guilty without the benefit of a plea agreement. [Dkt. 1379 at 79.] The Court also found that the 300-month sentence would provide adequate deterrence and would promote public safety. [Dkt. 1379 at 80-81.] The Court found that Mr.

6

Hatcher and Mr. Vizcarra-Millan were similarly situated and that it was appropriate for Mr. Hatcher to receive the same 300-month sentence that Mr. Vizcarra-Millan had received. [Dkt. 1379 at 81.]

The Court stands by its analysis of the § 3553(a) factors at Mr. Hatcher's sentencing for the most part, but addresses the circumstances that have changed since then. The first such circumstance is Mr. Hatcher's perfect disciplinary record while incarcerated for the offense underlying this case and his classification by the BOP as a low risk for recidivism. A perfect disciplinary record is a rarity and demonstrates Mr. Hatcher's respect for the law – a respect that he has not always demonstrated in the past but that he appears to have developed. The Court also finds the BOP's classification of Mr. Hatcher as a low risk for recidivism significant.

Second, the Court finds significant the Sentencing Commission's recognition, through Amendment 821, that Mr. Hatcher's guideline range should be 292-365 months instead of 324-405 months. A sentence reduction would appropriately recognize Amendment 821.

Third, the Government makes much of Mr. Hatcher's alleged Facebook post from shortly after he was sentenced. The Court acknowledges that aspects of the post are disturbing. But, to the extent the post can fairly be attributed to Mr. Hatcher, it took place almost five years ago and Mr. Hatcher's perfect disciplinary record since then and his BOP classification as a low risk for recidivism outweigh the Court's concerns regarding the post.

Finally, although the Court found at the sentencing that Mr. Hatcher was similarly situated to Mr. Vizcarra-Millan, reducing Mr. Hatcher's sentence would not create an unwarranted disparity. The Court is not aware that Mr. Vizcarra-Millan – like Mr. Hatcher – also has a perfect disciplinary record while incarcerated for the offense underlying this case. Further, Mr. Hatcher's offense level was inflated prior to Amendment 821, but Mr. Vizcarra-Millan's was not because his Amendment 821 reduction would not result in an offense level reduction for him. While Mr. Hatcher and Mr.

7

Vizcarra-Millan held similar roles in the conspiracy, the factors that went into their offense level calculations were different. Providing Mr. Hatcher with a sentence reduction under Amendment 821 does not create an unwarranted sentencing disparity.

When considering Mr. Hatcher's perfect disciplinary record and his status of a low risk of recidivism, the Court finds that based on the nature and circumstances of the offense and Mr. Hatcher's characteristics, an eight-month reduction in Mr. Hatcher's sentence is appropriate in light of those considerations. 18 U.S.C. § 3553(a)(1). Additionally, the Court finds that a 292-month sentence will still reflect the seriousness of the offense, promote respect for the law, and provide just punishment; will afford adequate deterrence to criminal conduct; and will protect the public from further crimes of Mr. Hatcher. 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B), and (a)(2)(C). Additionally, the Court finds that a sentence reduction appropriately recognizes Amendment 821. 18 U.S.C. §§ 3553(a)(4) and (a)(5). Finally, the Court finds that a sentence reduction does not create unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6).

In short, the Court finds that Mr. Hatcher is eligible for a sentence reduction under Amendment 821 which results in a one-offense level reduction and that, in the Court's discretion, the reduction is warranted under the applicable § 3553(a) factors and under the particular circumstances of the case. The Court **GRANTS** Mr. Hatcher's Amendment 821 Motion to Reduce Sentence, [Dkt. 1563], and his sentence is reduced to 292 months.

### III.
#### CONCLUSION

For the foregoing reasons, Mr. Hatcher's Amendment 821 Motion to Reduce Sentence, [1563], is **GRANTED**.

Date: 10/4/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Electronic Notice to USPO**